IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LOANN T. PHAN-KRAMER and JONERIK KRAMER,** W/H<br><br>*Plaintiffs*,<br><br>v.<br><br>**AMERICAN STATES INSURANCE COMPANY**,<br><br>*Defendant*. | **Case No. 2:23-cv-01867-JDW** |

## MEMORANDUM

Plaintiffs Loann T. Phan-Kramer and Jonerik Kramer sued American States Insurance Company for underinsured motorist coverage, won, and collected. Now, they have sued American States again asserting statutory bad faith, breach of contract/good faith and fair dealing, and loss of consortium. Because I conclude that the statute of limitations bars the bad faith claim, I will grant American States's Motion For Judgment On The Pleadings in part. However, *res judicata* cannot bar the other two claims because Plaintiffs assert allegations based on events that post-date the filing of their complaint in the first litigation. Accordingly, I will deny American States's Motion on those two claims.

I.  **BACKGROUND**

A.  **Facts**

On April 15, 2016, an underinsured motorist rear-ended Plaintiff Loann T. Phan-Kramer. She suffered a full thickness tear of her rotator cuff, as well as other neck and back injuries. At the time of the accident, American States Insurance Company insured Ms. Phan-Kramer, including underinsured motorist ("UIM") benefits. After suing then settling with the other driver, Plaintiffs filed their UIM insurance claim with American States. American States denied that claim. On July 15, 2019, Plaintiffs sued. At trial, the jury returned a verdict in Plaintiffs' favor. On September 27, 2021, Judge McHugh accordingly entered judgment and the insurer satisfied the verdict.

B.  **Procedural History**

Plaintiffs have sued American States again for its handling of the UIM claim and conduct in the previous litigation. On March 3, 2022, Plaintiffs filed a Praecipe To Issue Writ Of Summons in the Delaware County Court Of Common Pleas. After Plaintiffs filed their Complaint, American States removed the case to this Court. Plaintiffs then amended their Complaint as a matter of right to avoid a motion to dismiss. Plaintiffs' Amended Complaint asserts three counts: Count I – Bad Faith Pursuant to 42 Pa. C.S.A. § 8371; Count II – Breach of Contract/Good Faith and Fair Dealing; and Count III – Loss of Consortium. Plaintiffs sought leave to amend their complaint a second time, but I denied leave because

2

the proposed amendment was futile. American States has filed a Motion For Judgment On The Pleadings. The Motion is ripe for disposition.

## II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A court can grant a Rule 12(c) motion "if, on the basis of the pleadings, the movant is entitled to judgment as a matter of law." *Fed Cetera, LLC v. Nat'l Credit Servs., Inc.*, 938 F.3d 466, 470 n.7 (3d Cir. 2019) (quotation omitted). A Rule 12(c) motion "is analyzed under the same standards that apply to a Rule 12(b)(6) motion[,]" construing all allegations and inferences in the light most favorable to the nonmoving party. *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019) (quotation omitted). The moving party bears the burden of persuasion. *See DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 259 (3d Cir. 2008).

## III. DISCUSSION

### A. Bad Faith

The statute of limitations bars Plaintiffs' claim. The statute of limitations on a bad faith claim under 42 Pa. C.S.A. § 8371 is two years. *See Ash v. Continental Ins. Co.*, 932 A.2d 877, 885 (Pa. 2007). The statute begins to run when the insurer first refuses to pay the claim. *See Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 225 (3d Cir. 2005). When I denied Plaintiffs' motion for leave to file a second amended complaint, I analyzed Plaintiffs' bad faith allegations and concluded that the statute of limitations began to run on June 28,

2019, when American States denied their claim. (ECF No. 24 at 6). I rejected Plaintiffs' arguments that they did not know about the denial and that American States engaged in ongoing refusals to reevaluate their claims. That analysis applies with full force to the arguments that Plaintiffs make now, and based on that analysis, I conclude that Plaintiffs' time to file this claim expired on June 28, 2021. Therefore, I will grant American States's Motion on this claim.

### B.    Breach of Contract/Loss of Consortium

American States's only argument about the breach of contract and loss of consortium claims is that *res judicata* and/or collateral estoppel bar those claims. *Res judicata* applies upon the demonstration of three elements: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Off. of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (quotation omitted). Plaintiffs argue that American States cannot meet the "same cause of action" requirement. I agree.

The Third Circuit has adopted a bright-line rule that *res judicata* cannot bar "claims that are predicated on events that postdate the filing of the initial complaint." *Morgan v. Covington Twp.*, 648 F.3d 172, 178 (3d Cir. 2011); *see also Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1596 (2020). Because Plaintiffs' breach of contract and loss consortium claims both rely (at least in part) on American States's conduct following the filing of the initial lawsuit, *res judicata* cannot preclude these claims.

*See Rawe v. Liberty Mut. Fire Ins. Co.* 462 F.3d 521, 528 (6th Cir. 2006) (analyzing *res judicata* in context of an initial UIM case and later bad faith claim based on conduct after filing of the first complaint). Although the allegations in the Amended Complaint and the original litigation share similarities, the presence of "significant factual overlap" between both complaints is insufficient to invoke *res judicata* when Plaintiffs' current claims also rely on facts following July 2019. *See Morgan*, 648 F.3d at 178. Even American States acknowledges that the Amended Complaint "focus[es] . . . on the ways that American States supposedly acted in bad faith during the litigation and trial of the underlying UIM/consortium case." (ECF No. 28-4 at 6). Because the bright-line rule of *Morgan* bars the application of *res judicata*, I will deny American States's Motion on these two claims.

**IV.   CONCLUSION**

The statute of limitations bars the bad faith claims in this case, but *res judicata* does not bar the breach of contract and loss of consortium claims. Therefore, I will grant American States's Motion in part. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

September 14, 2023

5